**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELO RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN STEVIE KNIGHT,<br><br>Respondent. | Civil Action No. 22-6360 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Angelo Rodriguez pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 6), and Petitioner replied (ECF No. 8). Also pending before the Court is Petitioner's motion to consolidate and motion to stay proceedings. (ECF Nos. 1-4 and 8.) For the reasons expressed below, the petition is denied.

**I.    BACKGROUND**

Petitioner is a convicted federal prisoner currently confined in FCI Fort Dix, in Joint Base MDL, New Jersey. His current detention arises out of a judgment of conviction entered in April 2015 in the Eastern District of New York. *See United States v. Parra*, No. Crim. 13-085, (E.D.N.Y.), ECF No. 149 (jury verdict sheet).[1] Specifically, Petitioner was convicted of (1)

---

[1] The Court takes judicial notice of the public docket in Petitioner's underlying criminal case. *See United States v. Graves*, 849 F. App'x 349, 354 (3d Cir. 2021) (taking judicial notice of criminal docket); *Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

conspiracy to distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841 (b)(1)(A)(ii) and 846 (count one), (2) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (count two), and unlawful possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (count three). (*See id.*, ECF No. 189, Judgment of Conviction.) On November 29, 2016, the sentencing court sentenced Petitioner to concurrent terms of 168 months' imprisonment on counts one and two, and a term of 60 months' imprisonment on count three to run consecutive to counts 1 and 2, followed by a term of supervised release. (*See id.*) On October 15, 2018, following the dismissal of count two on appeal, the sentencing court resentenced Petitioner to an aggregate 180-month term of incarceration, with a 5-year term of supervised release, on counts one and three. (*See id.*, ECF No. 213.)

In his petition, Petitioner challenges the Bureau of Prison's ("BOP") determination that he is ineligible to earn time credit under the First Step Act ("FSA") because of his § 924(c) conviction. (ECF No. 1 at 6.) Petitioner argues that the language of the FSA excludes inmates from earning time credit who have convictions under § 924(c) for "use of a firearm during and in relation to" a drug trafficking crime, not convictions under § 924(c) for possession of a firearm "in furtherance" of a drug trafficking crime.

## II. **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), aff'd, 83 F.3d 1531 (3d Cir. 1996).

### III.   DISCUSSION

In his habeas petition, Petitioner challenges the BOP's determination that the FSA excludes him from earning time credit based on his § 924(c) conviction for unlawful possession of a firearm in furtherance of a drug trafficking crime. (*See* ECF No. 1.) Petitioner argues that the FSA should be interpreted as only excluding conviction under § 924(c) for "use of a firearm during and relation to" a drug trafficking crime, not for possession of a firearm "in furtherance of" a drug trafficking crime. (*See id.*) In response, Respondent contends that the plain language of the FSA precludes all inmates convicted under § 924(c) from earning time credits. (*See* ECF No. 6 at 10.)

The First Step Act, Publ. L. No. 115-015, 132 Stat. 015 (2018), includes a provision directing the Attorney General to develop a new "risk and needs assessment system" (referred to as the "System") to provide appropriate programming for prisoners in an effort to reduce the risk

3

of recidivism. 18 U.S.C. § 3632. Under the FSA, by participating in BOP approved programming, an "eligible" inmate may earn "time credits" that reduce the custodial portion of his sentence. *See* 18 U.S.C. §§ 3621(h)(2), 3632(d)(4)(A), (D). Earned time credits can be applied toward time in prerelease custody or supervised release, thus allowing eligible prisoners to be placed in prerelease custody (i.e., home confinement or a Residential Reentry Center) earlier than previously allowed. *See* 18 U.S.C. § 3632(d)(4).

However, not all prisoners are eligible to earn the time credit available under the FSA. Congress has explicitly excluded certain categories of inmates from earning time credit. *See* 18 U.S.C. § 3632(d)(4)(D)(i)-(lxviii). The FSA provides a list of 68 offenses and/or penalties which render an inmate "ineligible to receive time credits." *See id.* Pursuant to § 3632(d)(4)(D)(xxii):

> A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
>
> [...]
>
> (xxii) Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

18 U.S.C. § 3632(d)(4)(D)(xxii).

When faced with an issue of statutory construction, courts must first "start . . . with the statutory language." *United States v. Brow*, 62 F.4th 114, 827 (3d Cir. 2023). Courts should generally interpret words "as taking their ordinary, contemporary, common meaning . . . at the time Congress enacted the statute." *Wisconsin Cent. Ltd. v. United States*, 138 S. Ct. 2067, 2074 (2018) (internal quotation marks omitted). Courts must also read the words "in their context and with a view to their place in the overall statutory scheme." *Util. Air Regulatory Grp. v. E.P.A.*, 573 U.S. 302, 320 (2014) (quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120,

4

133 (2000)). "When the words of a statute are unambiguous . . . [the] judicial inquiry is complete." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992) (internal quotation marks omitted).

In other words, a court may not "replace the actual text with speculation as to Congress' intent." *Magwood v. Patterson*, 561 U.S. 320, 334 (2010). Rather, a court must "presume" that "the legislature says what it means and means what it says." *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486, 2496 (2022) (quoting *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 89 (2017)).

With those principals in mind, the statute at issue is 18 U.S.C.A. § 3632(d)(4)(D), which states:

> Ineligible prisoners.--A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
>
> . . .
>
> (xxii) Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

18 U.S.C. § 3632(d)(4)(D)(xxii). Section 924(c) is as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, **during and in relation to any crime of violence or drug trafficking crime** (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, **uses or carries a firearm**, or who, **in furtherance of any such crime, possesses a firearm**, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-

18 U.S.C. § 924(c)(1)(A)(emphasis added).

Petitioner claims Congress intended for the BOP to do a case-by-case inquiry to determine what specific § 924(c) conduct an inmate was convicted of. (ECF No. 1-1 at 16.) Petitioner argues

5

that because he was convicted of possession of a firearm in furtherance of a drug trafficking crime, which he submits is not excluded under the FSA from earning time credit, the BOP has improperly denied him time credit.

This Court disagrees. The plain language of § 3632(d)(4)(D), as a whole, reads that an inmate who has been convicted of § 924(c) is ineligible to receive FSA earn time credit. 18 U.S.C. § 3632(d)(4)(D)(xxii). Reading the words of § 3632(d)(4)(D)(xxii) in their context and with a view to their place in the overall statutory scheme, it is plain on its face that § 3632(d)(4)(D) summarizes the context of each of the 62 statutes excluded from earn time credit eligibility. For example, § 3632(d)(4)(D)(i) renders inmates convicted of "Section 32, relating to destruction of aircraft or aircraft facilities" ineligible, § 3632(d)(4)(D)(iii) renders inmates convicted of "Section 36, drive by shootings" ineligible, and § 3632(d)(4)(D)(xiii) renders inmates convicted of "Section 521, relating to criminal street gangs" ineligible. See 18 U.S.C. § 3632(d)(4)(D). Similarly, and as relevant here, § 3632(d)(4)(D)(xxii) summarizes § 924(c) as "relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii).

The Third Circuit has explained that Section 924(c) has "two separate prongs": (1) use or carrying of a firearm during and in relation to any crime of violence or drug trafficking crime; and (2) possession of a firearm in furtherance of any crime of violence or drug trafficking crime. *United States v. Burnett*, 773 F.3d 122, 134 (3d Cir. 2014). One prong relating to the "use or carry" of a firearm and one prong relating to the "possession" of a firearm. *United States v. Bobb*, 471 F.3d 491, 496 (3d Cir. 2006). "Possession" is separate and apart from "use and carry" in Section 924(c). *See United States v. Loney*, 219 F.3d 281, 287 (3d Cir. 2000) (the "possession standard is not simply added to the list of 'use' and 'carry,' which must be done 'during and in

6

relation to' the [underlying] offense; rather the possession must be 'in furtherance of' the [underlying] offense. By making this distinction, Congress may well have intended 'in furtherance' to impose a more stringent standard than 'in relation to.'"). In § 3632(d)(4)(D)(xxii), Congress summarized § 924(c) as relating to the "unlawful **possession or use** of a firearm." 18 U.S.C. § 3632(d)(4)(D)(xxii).

The Court recognizes that Congress included the § 924(c) language "in relation to any crime of violence or drug trafficking crime" in the statute summary and not the language "in furtherance of." *Id.* However, the plain language of § 3632(d)(4)(D)(xxii) explicitly refers to the "possession" prong of § 924(c), and as noted above the Third Circuit has found that § 924(c) "possession" is a separate prong from the "use and carry" prong. Additionally, nothing in the language § 3632(d)(4)(D)(xxii) indicates or is read to mean that Congress intended only a portion of the inmates with § 924(c) convictions to be ineligible for FSA earn time credits. Petitioner's interpretation of the statute, that Congress intended § 3632(d)(4)(D)(xxii) to only apply to inmates convicted of using and carrying a firearm during and in relation to any crime of violence or drug trafficking crime, would render the word "possession" superfluous in the statute. "It is a well-known canon of statutory construction that courts should construe statutory language to avoid interpretations that would render any phrase superfluous." *United States v. Cooper*, 396 F.3d 308, 312 (3d Cir. 2005); *see also TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (explaining that it is "a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant"). Consequently, Petitioner's reading conflicts with the plain language of the statute and violates a cardinal principle of statutory construction. Thus, the Court finds the plain language

of § 3632(d)(4)(D)(xxii) clearly and unambiguously renders all inmates with a § 924(c) conviction ineligible to receive FSA earn time credits, and the Court will deny Petitioner's habeas petition.

## IV. <u>CONCLUSION</u>

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is DENIED. Petitioner's motion to consolidate (ECF No. 1-4) and motion to stay proceedings (ECF No. 8) are DENIED as moot. An order consistent with this Opinion will be entered.

*[signature]*
Hon. Karen M. Williams,
United States District Judge

8